UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

MARK ANTHONY ZAVALA,           §
   # 658233                            §
                            §
         Plaintiff                    §
                            §
v.                                            §           Civil Action
                            §         No. SA-10-CA-611-FB
SENATOR JOHN WHITMIRE,         §
BRYAN COLLIER,                       §
BRAD LIVINGSTON,                    §
NORMA GREENFIELD,             §
                            §
       Defendants                    §

SHOW CAUSE ORDER

Before the Court is Plaintiff Mark Anthony Zavala's 42 U.S.C. § 1983 civil rights complaint.

Plaintiff alleges he was released on mandatory supervision or parole in January 2004. He was

required to wear an electronically monitored bracelet. Plaintiff states he went back to prison, but

he does not allege when that occurred. Plaintiff claims he requested credit for the time he was on

parole or mandatory supervision, which was about eighteen months. That would suggest he was

returned to prison around July 2005. Plaintiff states he was transferred from Bexar County Adult

Detention Center for his parole hearing in June 2010. Plaintiff asserts he did not want to go to an

intermediate sanction facility because he had problems there in the past. Plaintiff claims he is

solitary because he created a disturbance. Plaintiff states he is at the Management and Training

Corporation East Texas Treatment Facility. However, he alleges he has asked to be revoked and

removed from his current unit. Therefore, it appears Plaintiff is alleging that while he was on parole

or mandatory supervision, revocation proceedings were begun but he was placed in an intermediate

sanction facility instead of having his release revoked. He appears to want his parole or mandatory

supervision revoked.  Plaintiff contends his constitutional rights were violated by having to wear an electronically monitored bracelet while on parole or mandatory supervision, although he does not explain how.  He states he has written letters to Defendant Senator John Whitmire and to Defendant Norma Greenfield.  Plaintiff refers to cruel and unusual punishment, double jeopardy, equal protection, ex post facto law, false imprisonment, due process, and ex post facto law, but he does not allege facts relating to those concepts.

Title 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) states the court shall dismiss an in forma pauperis complaint if the court determines it is frivolous or malicious, or fails to state a claim on which relief may be granted.  An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).  For the purpose of making these determinations, this Court accepts as true the factual allegations of the complaint.  *U.S. v. Gaubert*, 499 U.S. 315, 326 (1991).

When interpreting a prisoner's IFP complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts."  *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990).  Conclusory IFP complaints may be dismissed as frivolous.  *See, e.g.*, *Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988).

*Plaintiff's claims in his § 1983 Complaint are frivolous or fail to state a claim and therefore are subject to dismissal for the following reasons:*

1.      Plaintiff's claims are conclusory.  Plaintiff does not allege any acts by the Defendants and

he fails to allege how the Defendants personally violated his constitutional rights. It is not clear what in particular Plaintiff is complaining about. In a § 1983 civil rights action, a plaintiff must prove the defendant was personally involved in the actions he complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981). An employer is not liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because it employs a tortfeasor. *Id.* at 691.

Federal Rule of Civil Procedure 8(a) provides a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(e) provides a more definite statement may be required where the pleading requiring a response "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." A complaint such as Plaintiff's that merely states legal conclusions without reference to facts is not sufficient. *See e.g. Vulcan Materials, Co. v. City of Tehuacana*, 238 F. 3d 382, 387 (5th Cir. 2001) (stating a complaint is not sufficient where "the complaint did not contain a short and plain statement of the claim, only legal conclusions of such generality as to fail to give fair notice").

Plaintiff's factual assertions in his § 1983 Complaint are not clear. To assist this Court in addressing Plaintiff's claims, the Court directs Plaintiff to file an amended complaint. The amended complaint shall state among other things: a *factual* description of the incidents Plaintiff complains about and when these incidents took place; how Defendants were involved in the incidents Plaintiff complains about and how Defendants harmed Plaintiff or violated Plaintiff's federal or constitutional rights; and what injury Plaintiff incurred. *See* Fed. R. Civ. P. 8(a).

2.      Pursuant to *Jones v. Bock*, 127 S. Ct. 910 (2007), a district court cannot *sua sponte* dismiss a case for failure to exhaust when the complaint is silent about exhaustion.  *Carbe v. Lappin*, 492 F.3d 325 (5th Cir. 2007).  "Under *Jones,* however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust."  *Carbe v. Lappin*, 92 F.3d at 327-28.

        "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. §1997e(a).  A prisoner must exhaust administrative remedies before he may file suit.  *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

        Plaintiff has sent to this Court copies of his step one grievances filed in late June 2010 and early July 2010 that appear to relate to his claims.  It appears the grievance process is still ongoing. Therefore, his claims should be dismissed as unexhausted.

3.      Any claim for time credit based on a revocation or mandatory supervision revocation in 2005 is barred by the two-year statute of limitations.  *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (Texas's two- year tort statute of limitations applies to § 1983 actions in Texas).

4.      In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a § 1983 claim about unconstitutional confinement does not accrue until the basis of that confinement has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  In *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought

(damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Plaintiff's allegations concerning time credit, if successful, "would necessarily demonstrate the invalidity of his confinement or its duration," but his custody based on time credit calculations has not been declared unlawful.  Therefore, a civil rights action challenging his custody is barred by *Heck v. Humphrey* and *Wilkinson v. Dotson*.  *See McGrew v. Texas Brd. Pardons & Paroles*, 47 F. 3d 158, 160-61 (5th Cir. 1995).  Furthermore, injunctive and declaratory relief invalidating his custody are not available in this civil rights action. In *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court held that where an inmate seeks early release from confinement the inmate's sole remedy is through a writ of habeas corpus.  If Plaintiff wishes to challenge the legality of his imprisonment, he must do so in a habeas corpus proceeding after exhausting his state remedies.  *See* 28 U.S.C. § 2254.  This Court declines to construe Plaintiff's § 1983 complaint as a § 2254 petition. Plaintiff in part seeks monetary damages, a relief which would be available in a § 1983 case but not in a § 2254 case.

5.      To the extent Plaintiff appears to complain the Defendants have not answered his letters, his claims lack merit.  A prisoner "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction . . . and any alleged due process violation arising from the alleged failure to investigate [a prisoner's] grievances is indisputably meritless."  *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Before dismissal Plaintiff is entitled to amend his Complaint to cure these deficiencies if possible.  *See Neitzke v. Williams*, 490 U.S. 319, 329, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

**Therefore, Plaintiff shall show cause within twenty-one (21) days why this Court should not dismiss his claims as frivolous and for failure to state a claim, as explained in this Order, by filing an amended complaint (of no more than ten (10) pages) curing these deficiencies or explaining why his claims should not be dismissed.**  If Plaintiff fails to respond to this Order, this action will be dismissed for failure to prosecute and failure to comply with this Order.  *See* Fed. R. Civ. P. 41(b).

   **SIGNED** on August 12, 2010.

             _____

             NANCY STEIN NOWAK
             UNITED STATES MAGISTRATE JUDGE